IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

REBECCA M. MOORE                                                                                               PLAINTIFF

v.                                      CIVIL NO. 24-3012

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rebecca M. Moore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on May 26, 2021, alleging an inability to work since March 4, 2021, due to bipolar disorder, post-traumatic stress disorder (PTSD), anxiety, migraines, back issues, and shoulder issues. (Tr. 84, 239, 241). An administrative video hearing was held on February 16, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 34-81).

By written decision dated April 28, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc

1

disease, osteoarthrosis and allied disorders, obesity, depression, PTSD, anxiety, and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no ropes, ladders, scaffolds or hazards including moving machinery and unprotected heights; occasional stairs and ramps, balance, crawl, kneel, stoop and crouch; frequent finger and handle bilaterally, occasional overhead reach bilaterally; limited to simple tasks, can respond to supervision that is simple, direct and concrete, can occasionally interact with supervisors, co-workers and the public.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an apparel checker, a private office mail clerk, and a photographic finisher. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 27, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13,15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. In making this claim, Plaintiff argues the following issue on appeal: 1) The ALJ committed reversible error in failing to analyze whether Plaintiff's impairments, considered in combination, medically equaled a Listing; 2) The ALJ erred in determining Plaintiff's RFC; and 3) The ALJ erred in propounding an accurate hypothetical question to the vocational expert.

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims she suffers from a number of different impairments, that, in combination, cause her to be disabled. Upon review of this claim, the Court finds no basis for reversal on this issue. In the hearing decision, the ALJ considered each of Plaintiff's impairments and found the "combination of impairments" did not meet or equal the severity of one of the Listings. (Tr. 13). The ALJ also stated that he considered all of Plaintiff's medically determinable impairments when assessing Plaintiff's RFC. *Id*. This language is sufficient to demonstrate the ALJ considered Plaintiff's impairments in combination. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011).

With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating physicians, consultative examiners, and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC

3

determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as an apparel checker, a private office mail clerk, and a photographic finisher. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 12th day of August 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE